UNITED STATES of America, Appellee,

v.

William A. McLAUGHLIN, Appellant.

No. 85–1452.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1985.
Decided Nov. 13, 1985.

George A. Wheeler, Kansas City, Mo., for appellant.

Robert E. Larsen, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before HEANEY, JOHN R. GIBSON and FAGG, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

William A. McLaughlin appeals his conviction of aiding and abetting the distribution of cocaine and conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) (1982), and 18 U.S.C. § 2 (1982).

He argues that the district court[1] after a bench trial improperly convicted him on the basis of insufficient evidence, violated his sixth amendment right to compulsory process to obtain witnesses in allowing a defense witness to invoke the fifth amendment, and erred in allowing the government to cross-examine him about statements he made to pre-trial services personnel without the benefit of *Miranda* warnings. We affirm the judgment of the district court.

The government offered testimony by the Drug Enforcement Administration agent and confidential informant who had investigated McLaughlin. According to the testimony, on November 7, 1984, the agent and informant conducted a drug transaction with McLaughlin, and Claudus Young and Theresa Powell, who were indicted on similar charges. The transaction took place in Powell's apartment. The informant testified that while he and the agent exchanged money for cocaine with Powell and Young, McLaughlin had stationed himself, armed with a gun, in position to monitor the transaction.

McLaughlin again participated in a transaction on November 9, 1984, when the agent and informant returned to Powell's apartment to purchase more cocaine. As they entered the apartment, Powell called to McLaughlin, who was in the back bedroom, to get out of bed to prepare for a drug deal. The informant testified that he noticed a large caliber pistol in McLaughlin's waistband. McLaughlin conversed with the agent and assured him that Young was a good cocaine dealer and that he and his friends always had found Young's cocaine to be of good quality. After Young had arrived, while the transaction was taking place, McLaughlin again positioned himself in the dining area where he could observe the kitchen table on which the cocaine was laid out. There was a shotgun within arm's reach. Once, when the informant made a sudden move, McLaughlin reacted by moving his hand toward the pistol in his waistband.

There also was testimony of McLaughlin's involvement in later transactions. On November 15, 1984, McLaughlin told the agent and informant to call him if there were a problem in dealing with a source whom Powell had recommended. On November 21, 1984, as the government witnesses waited at Powell's apartment to purchase cocaine, they observed McLaughlin and Young arrive together by car. The informant testified that McLaughlin got out of the car carrying a brown bag which Young carried into the apartment, and into which he later observed Young put cocaine. During the transaction on that day, McLaughlin again was armed and assumed a position from which he could observe the participants. As the government witnesses left, McLaughlin told the agent to contact him if he needed anything further.

McLaughlin subsequently was arrested and charged with crimes involving the distribution of cocaine. McLaughlin testified in his own defense at trial and admitted having been present during each transaction. However, he denied the charges that he had participated in the transactions and that he had carried a weapon during the transactions.

## I.

McLaughlin contends that the evidence is insufficient to support his conviction. In reviewing an argument that the district court erred in denying a motion for acquittal, we must sustain a verdict of the court if there is substantial evidence to support it. *United States v. Lewis*, 759 F.2d 1316, 1352 (8th Cir.1985); *United States v. Lee*, 743 F.2d 1240, 1250 (8th Cir.1984). We must view the evidence in a light most favorable to the government, and give the government the benefit of all reasonable inferences that logically may be drawn from the evidence. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86

---

1. The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri.

L.Ed. 680 (1942); *United States v. Resnick,* 745 F.2d 1179, 1185 (8th Cir.1984).

■ The evidence is clear that McLaughlin not only was present during the transactions but actively promoted and participated in them. He was armed and had stationed himself where he could monitor the several transactions. On one occasion he arrived with Young at Powell's apartment carrying a bag later shown to contain cocaine. He made several statements to the government witnesses to facilitate their purchases. Taken as a whole, the evidence of McLaughlin's actions and statements surrounding the transactions is sufficient to support his conviction on the charges regarding his role in the distribution of cocaine.

## II.

■ McLaughlin also claims that the district court violated his sixth amendment right to compulsory process to obtain witnesses. *See Washington v. Texas,* 388 U.S. 14, 17, 87 S.Ct. 1920, 1922, 18 L.Ed.2d 1019 (1967). The district court allowed Powell, after she had pleaded guilty to federal charges, to take the fifth amendment when McLaughlin called her as a witness. Upon Powell's refusal to testify, however, McLaughlin's counsel read without objection by the government a statement given to him by Powell prior to trial which supported defendant's contention that he was merely a spectator during the transactions. The government then stated additional facts that it would have adduced upon cross-examination of Powell had she been available to testify. Through the introduction of these statements, any error committed in allowing Powell to take the fifth amendment was rendered harmless beyond a reasonable doubt. *United States v. Hasting,* 461 U.S. 499, 508–09, 103 S.Ct. 1974, 1980–81, 76 L.Ed.2d 96 (1983); *United States v. Massa,* 740 F.2d 629, 640 (8th Cir.1984).

## III.

After McLaughlin testified and denied participating in the drug transactions, the government cross-examined him and demonstrated that he had lied about his address and employment when he was interviewed by the pretrial services officer. McLaughlin was not given *Miranda* warnings before this interview. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The government offered the evidence that McLaughlin lied to the pretrial services officer to attack his credibility under Fed.R.Evid. 608(b), and to impeach his testimony. McLaughlin argues that admission of his trial testimony, based on statements obtained through custodial interrogation without *Miranda* warnings, violates his fifth amendment rights and hence is improper.

■ Interrogation for *Miranda* purposes refers to any questioning or conduct that the government officer should know is reasonably likely to elicit an incriminating response from the suspect. *Rhode Island v. Innis,* 446 U.S. 291, 301, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980). Thus, not all government inquiries to a suspect in custody constitute interrogation and therefore need be preceded by *Miranda* warnings. In *United States v. Sims,* 719 F.2d 375, 378–79 (11th Cir.1983), a defendant's statement of his address and telephone number, furnished upon the request of a government agent at a post-arrest interview before which *Miranda* warnings had not been given, was held admissible in the government's case-in-chief. Similarly, in *United States ex rel. Hines v. LaVallee,* 521 F.2d 1109, 1112–13 (2d Cir.1975), a suspect's statement to an inquiring arresting officer that he had been married 11 years and had two children was held admissible as beyond the scope of *Miranda.* The inquiry involved basic identification information necessary for booking purposes, the court reasoned, even though the response was used to link the suspect to the crime. These cases demonstrate that a request for routine information necessary for basic identification purposes is not interrogation under *Miranda,* even if the information turns out to be incriminating. Only if the government agent should reasonably be aware that the information sought, while

merely for basic identification purposes in the usual case, is directly relevant to the substantive offense charged, will the questioning be subject to scrutiny. *See United States v. Burns,* 684 F.2d 1066, 1075–76 (2d Cir.1982), *cert. denied,* 459 U.S. 1174, 103 S.Ct. 823, 74 L.Ed.2d 1019 (1983).

The pretrial services officer's request that McLaughlin supply his place of employment and home address was made because employment and length of residence in the community are factors properly considered in determinating whether to detain or release a criminal suspect pending trial. 18 U.S.C. § 3142(g)(3)(A) (1985). Such an inquiry constitutes a request for basic identification information. The officer could not have expected the inquiry to elicit an incriminating response. *See United States v. Boyd,* 696 F.2d 63, 66 n. 3 (8th Cir.1982). Indeed, the information as to residence and employment had no relevance to the offenses of which McLaughlin was charged. Therefore, in this case the questioning did not for *Miranda* purposes constitute interrogation.[2]

Accordingly, the district court did not err in permitting cross-examination of statements made absent *Miranda* warnings to show that McLaughlin had lied to the pretrial services officer.[3] The testimony was admissible as a specific instance of conduct relating to McLaughlin's veracity under Fed.R.Evid. 608(b). Inquiry into such conduct is proper during cross-examination. *United States v. Bentley,* 706 F.2d 1498, 1510 (8th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 2397, 81 L.Ed.2d 354 (1984).

While the defendant does not raise the issue, we are disturbed by the government's use at trial of information obtained during the pretrial services interview. In drafting the pretrial services statutes, Congress recognized that the interviews would take place before trial, and was duly sensitive to the conflicts defendants would face as a result. *United States v. Hammond,* 666 F.2d 435, 438 (9th Cir.1982). It thus included in the statute a requirement that information obtained in the course of a pretrial services interview "shall be used only for the purposes of a bail determination and shall otherwise be confidential." 18 U.S.C. § 3153(c)(1) (1982). The information, Congress stated, "is not admissible on the issue of guilt in [the principal] criminal proceeding. . . ." 18 U.S.C. 3153(3) (1982). We need not further pursue whether under the statutes the information properly may be used for impeachment purposes. However, we do have concerns that the congressional intent as expressed in the confidentiality requirement may be transgressed when the government uses information obtained during the pretrial services interview for purposes unrelated to pretrial detention or release. *See* H.R.Rep. No. 792, 97th Cong., 2d Sess. 8, *reprinted in* 1982 U.S.Code Cong. & Ad.News, 2393, 2394–95.

We affirm the judgment of conviction on all counts.

---

**2.** Since we conclude that the questioning did not amount to interrogation, we need not consider whether the interview was custodial in nature. We recognize that *Minnesota v. Murphy,* 465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984), held that a probationer's interview with his probation officer is noncustodial, and that there are substantial similarities between the functions of the probation officer and the pretrial services officer. On the other hand, we observe, as the record shows, that McLaughlin was taken to the pretrial services office directly from the police station immediately after booking, indicating that he may in fact have been "deprived of his freedom of action in a significant way." *Miranda v. Arizona,* 384 U.S. at 444, 86 S.Ct. at 1612.

**3.** Had the questioning been improper under *Miranda,* McLaughlin's testimony nevertheless would have been admissible. Statements inadmissible under *Miranda* to establish the government's case-in-chief may be used to attack the defendant's credibility when the defendant testifies in his own behalf. *Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971); *accord Oregon v. Elstad,* —— U.S.——, 105 S.Ct. 1285, 1292, 84 L.Ed.2d 222 (1985). Here, however, since *Miranda* was not violated by the questioning, the impeachment exception to *Miranda* need not be invoked.