**UNITED STATES of America, Plaintiff,**

v.

**Kofoworola ADEGBITE, a/k/a Gbenro, Joseph Obalaja, a/k/a Niran, Defendants.**

**No. 87 CR 406 (ERK).**

United States District Court, E.D. New York.

Dec. 15, 1988.

Andrew J. Maloney, U.S. Atty. by Daniel F. DeVita, Asst. U.S. Atty., Brooklyn, N.Y., for plaintiff.

Michael E. Deutsch, Chicago, Ill., for defendant Adegbite.

Richard I. Rosenkranz, Brooklyn, N.Y., for defendant Obalaja.

MEMORANDUM

KORMAN, District Judge.

On May 6, 1988, the Court of Appeals for the Second Circuit reversed a pre-trial order entered on October 26, 1987 after a suppression hearing. *United States v. Adegbite,* 846 F.2d 834 (2d Cir.1988). The order suppressed statements made by both defendants, Koforworla Adegbite and Joseph Obalaja, and physical evidence provided by defendant Obalaja, as the fruit of an illegal seizure.

One statement of defendant Adegbite was suppressed on the alternative ground

that it was obtained without compliance with the procedures mandated by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The particular facts relevant to the taking of this statement are set forth in the opinion of the Court of Appeals as follows:

> Agent Masiello asked Adegbite once again if he had any identification, and told him it would be in his best interest to produce some. Again, no identification was presented. Agent Masiello then asked: "you are Gbenro, aren't you?", to which Adegbite responded affirmatively. The agents then arrested the two men, read them their *Miranda* rights, and brought them to the Baltimore office of the DEA.

*United States v. Adegbite,* 846 F.2d at 836.

The Court of Appeals reversed the order suppressing the admission made by Adegbite on the ground *inter alia,* that "the solicitation of information concerning a person's identity and background does not amount to custodial interrogation prohibited by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), whether that solicitation occurs before, *United States ex rel. Hines v. LaVallee,* 521 F.2d 1109, 1112–13 (2d Cir.1975), *cert. denied,* 423 U.S. 1090, 96 S.Ct. 884, 47 L.Ed.2d 101 (1976), or after, *United States v. Gotchis,* 803 F.2d 74, 78–79 (2d Cir.1986), *Miranda* warnings are given." *Id.* at 838.

In the course of so holding, the Court of Appeals expressed some doubt as to whether the order suppressing the pre-arrest statement at issue "survived" a subsequent colloquy (during the argument of the suppression motion) where it was held that statements made during the booking process would not be suppressed. *Id.* at 838–39 n. 6. Observing that "the parties on appeal have treated Judge Korman's original *Miranda* ruling as surviving the latter quoted colloquy," it assumed the parties were correct "[h]owever dubious that interpretation" may be. *Id.* Accordingly, it

"addressed the issue in those terms to avoid any loose ends on remand." *Id.*

On remand, the previously suppressed evidence was admitted at the trial of the defendants. After a subsequent trial, both defendants were convicted of importing an amount in excess of one hundred grams of a substance containing heroin into the United States and of conspiring to commit that offense. The defendants are scheduled to be sentenced on December 15, 1988.

Because the defendant has indicated that he intends to raise this issue again on appeal,[1] and because the testimony at trial has significantly supplemented the record, I write now to set forth in a more detailed manner the reasons for my pre-trial order.

The record of the suppression hearing, as supplemented by the testimony of Agent Masiello at trial, shows that, prior to the time he "asked Adegbite once again if he had any identification, and told him it would be in his best interest to produce some" and finally received an affirmative response to the question "you are Gbenro, aren't you", *id.* at 836, Adegbite had identified himself as Kofoworola Adegbite and had written his name down on a piece of paper, *see* Tr. 32–33, May 23, 1988; Tr. 67–68, Sepember 28, 1987. The purpose of Agent Masiello's further questioning was to elicit incriminating information (Tr. 34–35, May 23, 1988):

> Q. Isn't it a fact, Agent, that it would have been better for your case if you got him to admit that his name was Gbenro?
>
> \* \* \* \* \* \*
>
> A. Yes, sir.
> Q. That is the name you were looking for; is that right?
> A. Yes.
> Q. That is the identification you were looking for?
> A. That's correct.
> Q. That is what you needed in order to make this case against this defendant; is that correct?

---

1. Memorandum of Law In Support of Defendant Adegbite's Motion For A Directed Verdict of Acquittal, at 17 n.

A. That's correct.

What distinguishes this interrogation from the pedigree statements taken from defendants as part of the post-arrest process is the purpose of the interrogation. Specifically, in *Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980), the Supreme Court defined interrogation for *Miranda* purposes as including any questioning "that the police should know is reasonably likely to evoke an incriminating response from a suspect." *Id.* at 301, 100 S.Ct. at 1689–70.

Unlike questions put to a defendant during the booking process, which are intended to elicit routine information of a nature essential to facilitate the arrest and arraignment of the defendant, Agent Masiello candidly admitted that the question he was asking sought information that he "needed in order to make this case against this defendant," Tr. 35, May 23, 1988. As the Court of Appeals for the Eighth Circuit has held:

> [A] request for routine information necessary for basic identification purposes is not interrogation under *Miranda*, even if the information turns out to be incriminating. Only if the government agent should reasonably be aware that the information sought, while merely for basic identification purposes in the usual case, is directly relevant to the substantive offense charged, will questioning be subject to scrutiny. *See United States v. Burns*, 684 F.2d 1066, 1075–76 (2d Cir. 1982), *cert. denied*, 459 U.S. 1174, 103 S.Ct. 823, 74 L.Ed.2d 1019 (1983).

*United States v. McLaughlin*, 777 F.2d 388, 391–92 (8th Cir.1985).

Similarly, in *United States v. Burns*, 684 F.2d 1066 (2d Cir.1982), *cert. denied*, 459 U.S. 1174, 103 S.Ct. 823, 74 L.Ed.2d 1019 (1983), which was cited in *United States v. McLaughlin*, Chief Judge Feinberg drew the same distinction between eliciting routine background information that subsequently turned out to be incriminating and questioning that elicits obviously incriminating statements. 684 F.2d at 1075–76. *United States ex rel. Hines v. LaVallee*, 521 F.2d 1109 (2d Cir.1975), *cert. denied*, 423 U.S. 1090, 96 S.Ct. 884, 47 L.Ed.2d 101 (1970), which the Court of Appeals relied upon here, was described by Chief Judge Feinberg as a case involving "a state prisoner who had not received his *Miranda* warnings [who] told an arresting officer that he had been married 11 years and had two children." *United States v. Burns*, 684 F.2d at 1075. Although this statement later turned out to be very incriminating, "the officer had only intended to make conversation by eliciting routine background information." [2] *Id.*

*United States ex rel. Hines v. LaVallee*, was only recently distinguished in the same way in *United States v. Gotchis*, 803 F.2d 74 (2d Cir.1986), where it was held that:

> Routine questions about a suspect's identity and marital status, *ordinarily innocent of any investigative purpose*, do not pose the dangers *Miranda* was designed to check; they are rather the sort of questions "normally attendant to arrest and custody," *see Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980).

803 F.2d at 79 (emphasis supplied).

The questioning at issue here was not "innocent of any investigative purpose" and it was not intended to obtain basic identifying data required for booking and arraignment, i.e., the kind of information that does not normally entail a "substantial risk of self-incrimination." *California v. Byers*, 402 U.S. 424, 431, 91 S.Ct. 1535, 1539, 29 L.Ed.2d 9 (1971). Accordingly, it was my view that the applicable case law compelled suppression of the pre-arrest statement.

---

**2.** While *United States v. Burns, supra,* did not resolve the issue whether the questioning of Burns was permissible without compliance with *Miranda,* Chief Judge Feinberg assumed that it was for the purpose of deciding the case.