UNITED STATES of America, Appellee,

v.

Derrick Deon HORTON, a/k/a Thomas
Deon Hill, Appellant.

UNITED STATES of America,
Appellant,

v.

Derrick Deon HORTON, a/k/a Thomas
Deon Hill, Appellee.

Nos. 88–5228, 88–5266.

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1989.

Decided April 18, 1989.

Andi S. Lipman, Minneapolis, Minn., for appellant.

Thorwald H. Anderson, Jr., Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before WOLLMAN and MAGILL, Circuit Judges, and LARSON,* Senior District Judge.

PER CURIAM.

Derrick Deon Horton appeals his convictions of possession with intent to distribute cocaine base (crack), in violation of 21 U.S. C. § 841(a)(1), and of conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846. Horton contends that (1) the evidence was insufficient to sustain the convictions, and (2) his fifth amendment rights to due process of law and a fair trial were violated by the admission of a statement he made during the booking procedure. The government appeals the district court's holding that the Sentencing Reform Act of 1984 is unconstitutional. We affirm and, in

* The HONORABLE EARL R. LARSON, United States Senior District Judge for the District of Minnesota, sitting by designation.

light of *Mistretta v. United States*, —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), remand for resentencing under the sentencing guidelines.

In late November of 1987, the Minneapolis Police Department conducted three searches of suspected cocaine-related residences. On November 20, the police searched an apartment on Nicollet Avenue. As the police officers entered through the front door, Horton and another man ran from the apartment through the back door. Both men were apprehended and arrested. A search of Horton produced a gun and $1,285 in United States currency, folded in $100 bundles. Inside the apartment the police found crack, a microwave, bindles,[1] and a scale. The government produced evidence that the apartment was used as a crack house, where cocaine was cooked and sold as crack.

Later on November 20 the police executed a search at a house on Columbus Avenue. There, they arrested George Williams, known as G–Man, and James Hood, known as Fred, and found a quantity of cocaine in the garbage.

On November 25, the police conducted a search at an apartment on Clinton Avenue South. Inside the apartment were Horton, Hood, Lisa Niederloh, and Kim Thomas. A search of the apartment produced a pair of trousers with a bag of cocaine in the pocket, two pagers, a billfold belonging to John Ray Wardlow, and a silver bag in Niederloh's closet containing cocaine and $1,913 in currency, folded in $100 bundles. The government produced evidence showing that the apartment was rented by Hood, Williams, and Wardlow to provide a place for them to sleep away from the crack

houses "in case they were busted." The apartment had also been used to cook cocaine and sell crack.

A jury found Horton guilty of possession with intent to distribute cocaine base and of conspiracy to distribute and possess with intent to distribute cocaine base. The district court held the Sentencing Reform Act of 1984 to be unconstitutional and sentenced Horton as if his crimes had been committed prior to November 1, 1987, and imposed five years' imprisonment.

■ Horton first contends that the government produced insufficient evidence to sustain the possession with intent to distribute and the conspiracy convictions. We disagree. The evidence produced at trial was sufficient to support the jury's verdict. *See United States v. Wajda*, 810 F.2d 754 (8th Cir.), *cert. denied*, 481 U.S. 1040, 107 S.Ct. 1981, 95 L.Ed.2d 821 (1987); *United States v. Randle*, 815 F.2d 505 (8th Cir.1987).

■ Horton's second contention is that the district court erred in allowing the government to present in its case-in-chief evidence that Horton had falsely stated his name as Thomas Deon Hill during a pretrial booking interview. Horton claims that the use of this evidence violated his fifth amendment rights to due process and a fair trial because it was irrelevant and was more prejudicial than probative.[2] *See* Fed.R.Evid. 401, 403.

Evidence of false identification is relevant and admissible to show consciousness of guilt. *See United States v. Eggleton*, 799 F.2d 378, 381 (8th Cir.1986). The balancing of the probative value of such evi-

---

1. "bindle * * * 2. *slang:* a small package, envelope, or paper containing a narcotic (as morphine, heroin, or cocaine) * * *." *Webster's Third New International Dictionary* 217 (1981). Bindle has also been defined as "[a] small quantity of narcotics denoted as a "retail" unit." *Lane v. United States*, 321 F.2d 573, 574 (5th Cir.1963), *cert. denied*, 377 U.S. 936, 84 S.Ct. 1340, 12 L.Ed.2d 299 (1964).

2. Horton raises no objection under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). It is well established that *Miranda* does not apply to biographical data necessary to

complete booking or pretrial services. *See United States v. McLaughlin*, 777 F.2d 388 (8th Cir. 1985); *United States v. Sims*, 719 F.2d 375 (11th Cir.1983), *cert. denied*, 465 U.S. 1034, 104 S.Ct. 1304, 79 L.Ed.2d 703 (1984); *United States v. Downing*, 665 F.2d 404 (1st Cir.1981); *United States v. Prewitt*, 553 F.2d 1082 (7th Cir.), *cert. denied*, 434 U.S. 840, 98 S.Ct. 135, 54 L.Ed.2d 104 (1977); *United States ex rel. Hines v. La Vallee*, 521 F.2d 1109 (2d Cir.1975), *cert. denied*, 423 U.S. 1090, 96 S.Ct. 884, 47 L.Ed.2d 101 (1976); *United States v. Menichino*, 497 F.2d 935 (5th Cir.1974).

dence against its prejudicial effect is committed to the district court's discretion. After carefully reviewing the record, we conclude that the district court did not abuse its discretion in allowing the false identity testimony.

We affirm the judgment of conviction and remand for resentencing pursuant to the sentencing guidelines promulgated by the United States Sentencing Commission.