COMMONWEALTH *vs.* JOHN W. KACAVICH. No. 89-P-650. February 20, 1990. *Arrest. Constitutional Law,* Admissions and confessions. *Evidence,* Admissions and confessions. *Words,* "Interrogation."

Pursuant to a valid search warrant, police searched the defendant's apartment and found marijuana, a scale, recorded notations suggesting drug transactions, and assorted drug paraphernalia. During the course of the search, the defendant entered the apartment. After showing him the warrant, the police arrested the defendant, read the Miranda warnings, and searched him, finding $840 in cash. Sometime later (perhaps an hour, roughly), during the course of a fifteen-minute booking procedure at the police station, without further reading of Miranda warnings, the defendant was asked routine questions including his address and occupation. He gave as his address the apartment where he had been arrested; he stated that he was unemployed. Over objection, the trial judge allowed the booking officer to testify to these two responses. The defendant contends that this was erroneous under *Miranda* v. *Arizona,* 384 U.S. 436 (1966).

The *Miranda* case requires warnings before custodial "interrogation," which has been defined as "[i]nterrogation [(or its functional equivalent) that] 'an objective observer (with the same knowledge of the suspect as the police officer) would . . . infer . . . [was] designed to elicit an incriminating response.'" *Commonwealth* v. *Rubio,* 27 Mass. App. Ct. 506, 512 (1989), quoting from White, Interrogation Without Questions: *Rhode Island* v. *Innis* and *United States* v. *Henry,* 78 Mich.L.Rev. 1209, 1231-1232 (1980). Interrogation under *Miranda* does not involve questioning "normally attendant to arrest and custody." *Rhode Island* v. *Innis,* 446 U.S. 291, 301 (1980). *Commonwealth* v. *Rubio, supra* at 512. The prevailing view among the Federal circuits is that routine booking inquiries, including inquiries into address and employment status, not being investigatory, are not interrogation within the meaning of the *Miranda* rule. See *United States ex rel. Hines* v. *LaVallee,* 521 F.2d 1109, 1112-1113 (2d Cir. 1975), cert. denied, 423 U.S. 1090 (1976); *United States* v. *Gotchis,* 803 F.2d 74, 78-79 (2d Cir. 1986); *United States* v. *Morrow,* 731 F.2d 233, 237 (4th Cir.), cert. denied, 467 U.S. 1230 (1984); *United States* v. *Menichino,* 497 F.2d 935, 941 (5th Cir. 1974); *United States* v. *Avery,* 717 F.2d 1020, 1024-1025 (6th Cir. 1983), cert. denied, 466 U.S. 905 (1984); *United States* v. *Prewitt,* 553 F.2d 1082, 1085-1086 (7th Cir.), cert. denied, 434 U.S. 840 (1977); *Robinson* v. *Percy,* 738 F.2d 214, 218-219 (7th Cir. 1984); *United States* v. *McLaughlin,* 777 F.2d 388, 391-392 (8th Cir. 1985); *United States* v. *Horton,* 873 F.2d 180, 181 n.2 (8th Cir. 1989); *United States* v. *Feldman,* 788 F.2d 544, 553-554 (9th Cir. 1986); *United States* v. *Sims,* 719 F.2d 375, 378 (11th Cir. 1983), cert. denied,

465 U.S. 1034 (1984); 1 LaFave & Israel, Criminal Procedure § 6.7(b) (1984). Contra *Proctor* v. *United States*, 404 F.2d 819, 820-821 (D.C. Cir. 1968)(divided court). Compare *United States* v. *Downing*, 665 F.2d 404, 406-407 (1st Cir. 1981)(stating prevailing rule but holding that disputed inquiries were not routine but were investigatory, designed to elicit an incriminating response). The Massachusetts decisions have applied the prevailing view. See *Commonwealth* v. *Johnson*, 372 Mass. 185, 194 (1977); *Commonwealth* v. *Mahoney*, 400 Mass. 524, 529 (1987); *Commonwealth* v. *Benbow*, 16 Mass. App. Ct. 970, 971 (1983). Neither *Commonwealth* v. *Carey*, 26 Mass. App. Ct. 339 (1988), nor *Commonwealth* v. *Rubio*, *supra*, upon which the defendant relies, are to the contrary. In those cases the disputed police questions and tactics were designed to elicit incriminating responses and were thus held to be interrogation.

The police inquiry in this case consisted of routine identification questions attendant upon placing the defendant in custody. They did not constitute interrogation under *Miranda*. Because of our decision on this point, we need not consider the Commonwealth's alternative contention that the Miranda warnings administered at the time of the defendant's arrest sufficed in the circumstances for purposes of the booking procedure an hour later.

*Judgment affirmed.*

*Carlo A. Obligato*, Committee for Public Counsel Services, for the defendant.

*Patricia M. Darrigo*, Assistant District Attorney, for the Commonwealth.