29 F.3d 628
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Jack Dean REEVES, Appellant.
 No. 93-3964.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 6, 1994.
Filed: July 11, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 A jury found Jack Dean Reeves guilty of robbing an FDIC- insured bank and assaulting a bank employee with a sawed-off shotgun during the robbery, in violation of 18 U.S.C. Sec. 2113(d). The district court[1] sentenced Reeves to 25 years' imprisonment and he appeals. Pursuant to Anders v. California, 386 U.S. 738 (1967), counsel has filed a brief raising alleged trial and sentencing errors. We affirm.
 
 
 2
 The Anders brief argues that the district court erred in denying Reeves's motion for a mistrial, made following the prosecutor's reference to the robber as "the defendant" in some of his questions during direct examination. We conclude that the district court did not abuse its discretion in denying the motion.
 
 
 3
 United States v. Hale, 1 F.3d 691, 694 (8th Cir. 1993) (standard of review). Although the prosecutor's questions were improper, he exercised care after Reeves moved for a mistrial; Reeves does not complain of other misconduct; the government had a strong case against him; the court admonished the prosecutor before the jury that identity was the critical issue; and Reeves declined the court's offer to admonish the jury. See id. (to reverse conviction for prosecutorial misconduct, prosecutor's remarks must have been improper and so offensive as to deprive the defendant of a fair trial; this court considers cumulative effect of misconduct, strength of case against defendant, and court's curative actions).
 
 
 4
 The next point raised in the Anders brief is that the district court erred in allowing a Kansas police officer to testify that Reeves used another name in 1992 when he was stopped on a traffic matter. The district court concluded that the evidence was relevant on the issue of Reeves's flight from Iowa after the robbery. We conclude that the district court did not abuse its discretion in admitting this testimony. See United States v. Horton, 873 F.2d 180, 181 (8th Cir. 1989) (per curiam) ("[e]vidence of false identification is relevant and admissible to show consciousness of guilt"; balancing of probative value of such evidence against prejudicial effect is committed to district court's discretion).
 
 
 5
 The Anders brief also argues that the district court improperly denied Reeves's motion for a directed verdict of acquittal. Among other inculpatory evidence, the government introduced bank surveillance photographs and eyewitness testimony, as well as the testimony of Reeves's former girlfriend that Reeves had admitted to her his involvement in the robbery. Accordingly, the district court did not err in refusing to direct a verdict of acquittal. See United States v. Warren, 18 F.2d 602, 603 (8th Cir. 1994).
 
 
 6
 Because the offense was committed before the effective date of the Sentencing Guidelines, the district court imposed a pre- Guidelines sentence. The Anders brief argues that the court nonetheless should have imposed a sentence "in line" with the sentence Reeves would have received under the Guidelines. Appellate review of pre-Guidelines sentences is limited. A sentence imposed within statutory limits is generally not subject to review on appeal; rather, it is reviewed only for a manifest or gross abuse of discretion. United States v. Brenneman, 918 F.2d 745, 746 (8th Cir. 1990). Reeves's sentence is within statutory limits, and we see no abuse of discretion here.
 
 
 7
 Finally, various claims of ineffective assistance of counsel are raised. Ineffective-assistance claims should be raised in a motion under 28 U.S.C. Sec. 2255. See United States v. Thomas, 992 F.2d 201, 204 (8th Cir. 1993).
 
 
 8
 Having reviewed the record, we find no other nonfrivolous issues. See Penson v. Ohio, 488 U.S. 75, 80-82 (1988). We deny Reeves's renewed motion for appointment of counsel.
 
 
 9
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa