_____

No. 95-3695MN
_____

United States of America,      *
                               *
              Appellee,        *
                               *   Appeal from the United States
     v.                        *   District Court for the District
                               *   of Minnesota.
Erick Dewray Russell, also     *
known as Kenyatta Dewray Khalid,*  [UNPUBLISHED]
                               *
              Appellant.       *
_____

Submitted:  March 14, 1996

Filed:  May 10, 1996
_____

Before FAGG, JOHN R. GIBSON, and WOLLMAN, Circuit Judges.
_____


PER CURIAM.


     Erick Dewray Russell appeals his conviction of being a felon in
possession of a firearm.  See 18 U.S.C. § 922(g) (1994).  We affirm.


     After a gang member shot at Russell, Russell broke into Charles
Stead's home to take cover.  Stead jumped out of a bedroom window and
called the police.  Several police officers responded to Stead's call and
found Russell looking out of an upstairs window.  The officers ordered
Russell to come downstairs, and then Russell walked down the steps and was
arrested.  After Russell was placed in a police car, Russell told Officer
Jason King that his leg hurt.  King responded by asking, "What happened?"
Russell then explained he may have been shot.  Although Russell did have
a superficial gun shot wound on his lower leg, King testified that he
examined Russell's leg and did not see any blood or a wound.  A few minutes

later, Russell told two different police officers he had fired shots at the gang member with his own handgun. When the police searched Stead's home they found a loaded handgun and several expended shells in an upstairs bedroom.

Russell contends the district court should have suppressed his statements about the handgun because they were not made voluntarily. We reject Russell's contention because the police officers did not engage in any coercive conduct. United States v. Hatten, 68 F.3d 257, 262 (8th Cir. 1995), cert. denied, 116 S. Ct. 1026 (1996). Indeed, the record is clear that Russell volunteered the information about possessing a handgun. We also reject Russell's contention that his statements were inadmissible because he had not been given Miranda warnings. Officer King's questions were necessary to decide if Russell needed medical attention, and the other officers simply asked Russell for his name and other routine background information. See Pennsylvania v. Muniz, 496 U.S. 582, 601-02 (1990) (plurality opinion); United States v. McLaughlin, 777 F.2d 388, 391 (8th Cir. 1985). Thus, the officers were not required to give Russell Miranda warnings because none of their questions were reasonably likely to elicit an incriminating response. Rhode Island v. Innis, 446 U.S. 291, 301-02 (1980). Finally, Russell contends the district court improperly restricted his cross-examination of homeowner Stead. We disagree. The district court properly limited Russell's cross-examination based on concerns of relevance, harassment, confusion of the issues, and because many of Russell's questions were cumulative. United States v. Durham, 868 F.2d 1010, 1013 (8th Cir.), cert. denied, 493 U.S. 954 (1989).

We thus affirm Russell's conviction.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.