_____

No. 96-1684
_____

United States of America,              *
                                       *
          Plaintiff-Appellee,          *  Appeal from the United States
                                       *  District Court for the
     v.                                *  District of Minnesota.
                                       *
Jimmy Brown, also known as             *
Marlus Andrew Singleton,               *
                                       *
          Defendant-Appellant.         *


_____

          Submitted:  July 11, 1996

             Filed:  December 4, 1996
_____

Before WOLLMAN, JOHN R. GIBSON, and HANSEN, Circuit Judges.
_____


HANSEN, Circuit Judge.

     Jimmy Brown was convicted of two drug-related charges.  In
this direct appeal, Brown challenges the district court's[1] denial
of his motions to suppress a statement made at the time of his
arrest and evidence seized from his vehicle.  We affirm.

     On September 18, 1995, a police informant, who had previously
provided reliable information, notified Officer Donald Sebesta of
the Bloomington Police Department of an impending drug transaction.
The informant explained that an individual known as "Dre" (Deandre
Norris) was staying at the Exel Inn in Bloomington and was

_____

     [1]The Honorable David S. Doty, United States District Judge for
the District of Minnesota, adopting the report and recommendation
of the Honorable Franklin L. Noel, United States Magistrate Judge
for the District of Minnesota.

expecting a delivery of crack cocaine that day. The crack would be delivered by a female courier who would arrive at noon on a flight from Los Angeles, California. The informant indicated that Norris would be driving either a white Buick or a turquoise Camaro Z-28 to the airport to pick up the courier. The informant did not mention Jimmy Brown or the name of the courier.

That morning, police surveillance verified that Norris had checked into Room 234 of the Exel Inn and that a turquoise Camaro Z-28 was parked outside. At 10:30 a.m. two males (later identified as Norris and Jimmy Brown) left the Exel Inn in the Camaro, with Brown driving. Officers followed as the car drove to downtown Minneapolis, then to the Mall of America parking ramp, and finally to the baggage claim area of the Minneapolis-St. Paul International Airport. Shortly after noon, a female (later identified as Sherdana Conklin) arrived on a flight from Los Angeles with two bags, one blue and one black. Conklin left the airport in the Camaro that had been waiting outside the baggage claim area. Officers followed the Camaro as it returned to the Exel Inn along another curious route -- through the Mall of America parking ramp and the parking lot of an office complex. When they arrived at the Exel Inn, Norris and Conklin took the bags from the Camaro and went into Room 234. Brown, still unidentified at this time, left in the Camaro.

When the officers detained Norris and Conklin, they discovered cocaine in the black bag. The officers then pursued and stopped the Camaro and placed the driver under arrest. When asked his name, Brown told the officers that his name was Marlus Singleton. Not until the next day did the officers learn that his true name was Jimmy Brown. The officers searched the Camaro at the scene of the arrest. The search revealed no controlled substances, but the officers seized three cellular telephones, a pager, a telephone book, $500 cash, and a drivers license in the name of Marlus Singleton.

2

Brown, Norris, and Conklin were each charged with one count of aiding and abetting the possession with intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1), and one count of conspiracy to distribute and to possess with intent to distribute crack, in violation of 21 U.S.C. § 846. Norris became and remains a fugitive, Conklin negotiated a guilty plea, and Brown proceeded to trial.

Brown filed pretrial motions, seeking to suppress his statement of a false name to officers at the time of his arrest and the evidence seized from the Camaro. Adopting the magistrate judge's report and recommendation, the district court denied the motions. The district court held that the false name was admissible as part of routine booking procedures. The court also held that the evidence seized from the Camaro was admissible because it was lawfully obtained through a search incident to arrest. Following a jury trial, Brown was convicted of both counts of the indictment. He now appeals the denial of his motions to suppress.

Brown first contends that the district court erred by not suppressing his statement of a false name at the time of his arrest. Brown argues that questioning him about his name at the scene of the arrest constitutes custodial interrogation for investigative purposes because the police were not aware of his identity at the time. Thus, he contends he was entitled to warnings pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), and the statement, obtained in violation of Miranda, should have been suppressed. We disagree.

It is well-settled that routine biographical data is exempted from Miranda's coverage. Pennsylvania v. Muniz, 496 U.S. 582, 601 (1990); United States v. Horton, 873 F.2d 180, 181 n.2 (8th Cir. 1989); United States v. McLaughlin, 777 F.2d 388, 391-92 (8th Cir. 1985). We have said:

3

> A request for routine information necessary for basic identification purposes is not interrogation under <u>Miranda</u>, even if the information turns out to be incriminating. Only if the government agent should reasonably be aware that the information sought, while merely for basic identification purposes in the usual case, is directly relevant to the substantive offense charged, will the question be subject to scrutiny.

<u>McLaughlin</u>, 777 F.2d at 391-92. <u>See</u> <u>Muniz</u>, 496 U.S. at 602 n.14 (during booking procedures, government may not ask questions "that are designed to elicit incriminatory admissions").

Brown was arrested because the police had observed him participate in a drug-related crime immediately prior to his arrest. This provided probable cause for his arrest, regardless of the fact that the police did not know his name. His name was not directly relevant to the substantive offense charged, but wholly incidental. His name was necessary to the booking process, and the question was not investigative in nature. If Brown had merely provided his true name, the information would not have been incriminating. Clearly, this falls within the routine booking question exception. <u>See</u> <u>Muniz</u>, 496 U.S. at 601-02 & n.14. The district court did not err in denying Brown's motion to suppress his statement.

Brown also contends that the district court erred by denying his motion to suppress the fruits of the search of his vehicle. Brown argues that this was an improper inventory search because the officers did not follow any standardized police procedures. Because he does not contend that the arrest was made without probable cause, however, and our review of the record indicates that probable cause existed for his arrest, the search of the interior of Brown's car was valid as a search incident to arrest. <u>See</u> <u>United States v. Morgan</u>, 997 F.2d 433, 436 (8th Cir. 1993); <u>United States v. Thompson</u>, 906 F.2d 1292, 1297-98 (8th Cir.), <u>cert. denied</u>, 498 U.S. 989 (1990). The district court did not err by

denying Brown's motion to suppress the evidence seized from the search of his car.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.