**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                No. 95-5824

CARLOS PATRICIO FERJ-INOSTROZA,
Defendant-Appellant.

Appeal from the United States District Court for the
Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-95-249-A)

Submitted: June 28, 1996

Decided: November 18, 1997

Before HALL, LUTTIG, and
MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas D. Hughes, IV, WADE, HUGHES & SMIRCINA, P.C.,
Alexandria, Virginia, for Appellant. Helen F. Fahey, United States
Attorney, Nanette L. Davis, Special Assistant United States Attorney,
Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Defendant pled guilty to violation of 18 U.S.C.A. § 1546(a) (West Supp. 1996), fraud and misuse of immigration documents. The Defendant reserved the right to appeal the determination of a suppression issue favoring the Government. He argued that a fraudulent immigration document seized during execution of a valid search warrant should be suppressed because he was not advised of his rights under Miranda v. Arizona, 384 U.S. 436 (1966). For the reasons expressed below, we affirm.

I

Special agents of the Immigration and Naturalization Service (INS) and a uniformed Fairfax County, Virginia, police officer executed a search warrant authorizing the agents to search the premises at 6060 Munson Hill Road in Falls Church, Virginia, which the Defendant occupied with other persons. The warrant allowed the officers to search for "true, counterfeit and falsely obtained identification documents," including alien registration receipt cards (green cards), INS admission stamps, birth certificates, social security cards, and driver's licenses.

One of the residence's occupants admitted the INS agents. The agents requested that the residents of the house wait in the living room on the first floor while they conducted the search. The agents allowed the occupants to make telephone calls and to use the kitchen and bathroom. The agents did not brandish a weapon. They asked each of the occupants routine questions about his or her alienage and immigration status in the United States. The agents stated that they asked these questions because the occupants spoke with Hispanic accents, did not have a good command of the English language, and two persons living at the address were known to be illegal aliens who had obtained and used fraudulent documents to secure employment.

2

INS Special Agent Campbell asked the Defendant questions regarding his identity and asked to see any identity documents. The Defendant stated that he is Chilean and that he entered the United States as a tourist and stayed too long. At Agent Campbell's request, the Defendant showed Campbell his passport and a poor quality counterfeit alien resident card. Agent Campbell's questioning took approximately five to ten minutes, and he reported that the Defendant was free to refuse to answer his questions. The Defendant was then arrested as an alien illegally in the United States and transported to the district INS office. At no time prior to his arrest did the INS agents advise the Defendant of his rights under Miranda.

II

Questions normally attendant to arrest and custody do not constitute interrogation for Miranda purposes. Rhode Island v. Innis, 446 U.S. 291, 301 (1980); South Dakota v. Neville , 459 U.S. 553, 564 n.15 (1983). Thus, under this exception, routine booking questions and questions attendant to legitimate police procedures do not require Miranda warnings. Pennsylvania v. Muniz, 496 U.S. 582, 601 (1990).

The statements in question here fall within the exception for routine questions related to legitimate police procedures. Routine custom detentions, searches, and interrogations by customs agents and Coast Guard officials have been held to not require Miranda warnings. United States v. Silva, 715 F.2d 43, 47 (2d Cir. 1983). INS agents are in fact authorized and duty bound to question any person they believe to be an alien as to his or her right to remain in the United States. 8 U.S.C. § 1357(a)(1) (1988). Eliciting routine information, such as that elicited by Agent Campbell, is not interrogation under Miranda, even if the information turns out to be incriminating. United States v. McLaughlin, 777 F.2d 388, 391-92 (8th Cir. 1985).

III

Accordingly, the district court did not err in ruling the fraudulent green card admissible despite the fact that it was obtained without benefit of Miranda warnings, and we affirm the court's denial of the suppression motion. We dispense with oral argument because the

3

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4