**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4901

HAN ZHANG, a/k/a Hang Li,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-99-358)

Submitted: May 31, 2000

Decided: July 11, 2000

Before MOTZ and TRAXLER, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Declan C. Leonard, MARTIN, ARIF, PETROVICH & WALSH,
Springfield, Virginia, for Appellant. Helen F. Fahey, United States
Attorney, Charles S. Greene, III, Special Assistant United States
Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Han Zhang appeals from his conviction for using a counterfeited and altered passport in violation of 18 U.S.C.A.§ 1543 (West Supp. 2000). On appeal, he challenges the district court's denial of his motion to suppress his statements or dismiss the indictment based on (1) the failure of the officials to inform him of his rights under 18 U.S.C. § 3501 (1994), or Miranda,* (2) the delay by the officials in informing the Chinese Embassy of his arrest or informing him of his rights under the Vienna Convention on Consular Relations, and (3) the district court's decision to allow, during the suppression hearing, the testimony from Inspector Liao in violation of the rule on witnesses. We affirm.

Zhang arrived at the Washington Dulles International Airport as a passenger on a Korean Airways flight. He presented himself for primary inspection as a lawful permanent resident. After reviewing the documents presented by Zhang and having suspicions, the immigration inspector performed a computer check on Zhang's passport and referred him to the secondary inspection area.

Zhang was not advised that he could remain silent, nor was he informed that any statement made could be used against him. He also was not informed that he could request the assistance of an attorney. After repeated questioning, Zhang informed the officials of his name and date of birth.

_____

*Miranda v. Arizona, 384 U.S. 436 (1966). While this appeal was pending, the Supreme Court ruled that Miranda , rather than § 3501, sets forth the proper standard for determining whether a confession by a person in custody is voluntary. See Dickerson v. United States, ___ U.S. ___, 2000 WL 807223 (U.S. June 26, 2000) (No. 99-5525).

2

We find that under the circumstances of this border inspection, Zhang's referral to secondary inspection for further questioning did not amount to custody such that his statements made without the benefit of a recitation of his rights should have been suppressed. See United States v. Moya, 74 F.3d 1117, 1119-20 (11th Cir. 1996) (recognizing strong governmental interest in patrolling national borders and finding "events which might be enough often to signal `custody' away from the border will not be enough to establish `custody' in the context of entry into the country."); United States v. Silva, 715 F.2d 43, 47 (2d Cir. 1983) ("[A]lthough there was a detention of appellant with attendant questioning by immigration and customs officials, the circumstances surrounding the inquiry (namely, a border detention) and the routine questions asked of Silva did not require the giving of Miranda warnings.").

Moreover, the questioning of Zhang did not amount to "interrogation." Routine questions attendant to legitimate police procedures do not require Miranda warnings. See Pennsylvania v. Muniz, 496 U.S. 582, 601 (1990); United States v. Morrow, 731 F.2d 233, 237 (4th Cir. 1984) (holding that Miranda warning not required for taking of basic biographical information such as name, age, etc.); Silva, 715 F.2d at 47 (stating that routine custom detentions and interrogations by customs agents have been held to not require Miranda warnings). Eliciting routine information, such as that elicited from Zhang during the secondary inspection is generally not interrogation under Miranda, even if the information turns out to be incriminating. See United States v. McLaughlin, 777 F.2d 388, 391-92 (8th Cir. 1985).

Accordingly, we find that Zhang's detention at the border and the routine questions asked of him did not amount to custodial interrogation to the extent as would require Miranda warnings. Therefore, the district court properly denied Zhang's motion to suppress Zhang's admissions as to his name and date of birth made while being questioned in the secondary inspection area.

Zhang also contends that the district court erred in denying his motion to dismiss for the government's failure to timely inform him of his rights or to notify the Chinese Embassy of his arrest as required by the Vienna Convention on Consular Relations. The Vienna Convention on Consular Relations requires that a foreign national who

3

has been arrested, imprisoned, or taken into custody be notified by the arresting government of his right to contact his local embassy. Zhang, a citizen of China, was arrested on September 11, 1999. The Embassy of China was not notified of his arrest until November 9, 1999. The district court found that there was an insufficient showing of prejudice to warrant dismissal.

Rights created by international treaties do not create rights equivalent to constitutional rights. See Murphy v. Netherland, 116 F.3d 97, 100 (4th Cir. 1997) (habeas corpus proceeding). Zhang therefore must establish prejudice to prevail. See United States v. Lombera-Camorlinga, 170 F.3d 1241, 1244 (9th Cir. 1999) ("[T]he defendant in a criminal proceeding has the initial burden of producing evidence showing prejudice from the violation of the Convention."); cf. Breard v. Greene, 523 U.S. 371, 377 (1998) (habeas corpus proceeding where Court examined whether violation had an effect on the trial); United States v. Ademaj, 170 F.3d 58, 67 (1st Cir.) (direct criminal appeal in which court noted that defendant did not indicate how consul could have assisted in his defense or that any rights were infringed by failure to notify the consul), cert. denied , 120 S. Ct. 206 (1999); Waldron v. INS, 17 F.3d 511, 518-19 (2d Cir. 1993) (deportation proceeding in which court noted that defendant did not claim or demonstrate prejudice from INS's failure to inform of privilege to communicate with the consul).

Zhang does not dispute that the Chinese Embassy was notified of his arrest and that Chinese officials had taken no action to contact him or otherwise aid him. Zhang has not demonstrated how assistance from the Chinese Consulate would have affected the outcome of his trial. We reject Zhang's contention that prejudice should be presumed from a violation of the treaty, see Lombera-Camorlinga, 170 F.3d at 1244 n.3, and affirm the district court's denial of Zhang's motion to dismiss on this claim.

Zhang's final claim is that the district court erred in admitting, during the suppression hearing, the testimony of Inspector Liao in violation of the rule on witnesses pursuant to Fed. R. Evid. 615. Based on an agreement between counsel, Inspector Liao was not going to testify, so he remained in the courtroom. During the hearing it was discovered that there was a misunderstanding between counsel, and it

4

became necessary for Liao to testify. Liao testified as to the statements that Zhang sought to suppress.

The court stated that Liao's presence in the courtroom in violation of the rule on witnesses would be considered in determining the weight to be afforded Liao's testimony. See United States v. Walker, 613 F.2d 1349, 1355 n.11 (5th Cir. 1980) (holding that witness' violation of rule may affect weight of testimony). Liao's presence in the courtroom in violation of the rule was not intentional; it was due to the belief that he would not be called to testify. See United States v. Cropp, 127 F.3d 354, 363 (4th Cir. 1997) (upholding exclusion for wilful violation of rule). Also, the testimony was presented during a suppression hearing, rather than during a trial before a jury. See United States v. Raddatz, 447 U.S. 667, 679 (1980) (acknowledging relaxed evidentiary rules during suppression hearing); United States v. Matlock, 415 U.S. 164, 172-74 (1974) (same). In light of these facts, we find no abuse of discretion in the district court's decision to allow Liao's testimony at the suppression hearing. See United States v. Marson, 408 F.2d 644, 650 (4th Cir. 1968) (providing standard).

Accordingly, we affirm Zhang's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5