**UNITED STATES of America, Appellee,**

v.

**Richard L. BRENNEMAN, Appellant.**

No. 90–1567.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 29, 1990.

Decided Nov. 8, 1990.

---

* The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri, sitting by designation.

---

Mark Meyer, Des Moines, Iowa, for appellant.

Richard Murphy, Asst. U.S. Atty., Cedar Rapids, Iowa, for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and CAHILL,* District Judge.

McMILLIAN, Circuit Judge.

Richard L. Brenneman appeals from a final judgment entered in the District Court[1] for the Northern District of Iowa finding him guilty, pursuant to a guilty plea, of three drug-related offenses. The offenses were committed before November 1, 1987, the effective date of the Sentencing Guidelines. The district court sentenced Brenneman to a total of 8 years imprisonment, a special parole term of 3 years, and a special assessment of $150.00. For reversal, Brenneman argues the district court abused its discretion by imposing a sentence that was the equivalent of a Guidelines sentence. For the reasons discussed below, we affirm the judgment of the district court.

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

According to the presentence investigation report, Brenneman was involved in a long-term conspiracy to distribute cocaine and marijuana in Iowa City, Iowa. From the spring of 1985 to April 1987, Brenneman distributed approximately 4–6 kilograms of cocaine and possessed approximately 30 kilograms of marijuana. In October 1988 Brenneman was indicted and charged with two counts of possession with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii)(II) (counts I and II), possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (count III), using a facility of interstate commerce to facilitate drug trafficking in violation of 18 U.S.C. § 1952(a)(3) (count IV), and conspiracy to distribute and possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 846 (count V). Pursuant to a plea agreement, Brenneman pled guilty to counts III, IV and V, and the government dismissed counts I and II.

The district court conducted a consolidated plea and sentencing hearing. At sentencing defense counsel asked the district court to "put on [its] pre-Sentence Guidelines judge's hat" and to take into account the broad range of considerations available to sentencing judges before the effective date of the Sentencing Guidelines. The district court acknowledged that the Guidelines did not apply to Brenneman's case, noted many of the same factors were considered relevant for purposes of both pre-Guidelines and Guidelines sentencing, and observed that there should be "parity" between sentences imposed under "the two systems [of pre-Guidelines and Guidelines sentencing]." The district court sentenced Brenneman to 8 years imprisonment on counts III and V and 5 years imprisonment on count IV, to run concurrently. Brenneman will be eligible for parole after serving one-third of his sentence under 18 U.S.C. § 4205(b). This appeal followed.

Brenneman argues that the district court abused its discretion by seeking parity with the Guidelines and improperly imposing what was in effect a Guidelines sentence. He also argues that he did not receive notice that the district court would apply the Guidelines in determining his sentence. We disagree.

The record does not support Brenneman's suggestion that the district court improperly imposed a Guidelines sentence under the guise of a pre-Guidelines sentence. The district court compared the pre-Guidelines sentence imposed with the sentence that would have been applicable under the Guidelines and expressly noted that, under the pre-Guidelines sentence imposed, Brenneman would be eligible for parole after serving only one-third of his sentence. The district court also expressly considered a non-Guidelines factor in imposing sentence, that is, Brenneman's rehabilitation efforts during the two years between his arrest and conviction.[2]

■ The record does show that the district court was influenced by the Guidelines. However, we do not think it was improper for the district court to be guided in part by the Guidelines in exercising its discretion in imposing a pre-Guidelines sentence. *See, e.g., United States v. Vega,* 860 F.2d 779, 800–01 (7th Cir.1988).

■ Appellate review of pre-Guidelines sentences is very limited. If the sentence imposed is within the applicable statutory limits, the sentence is generally not subject to review on appeal. We review only for manifest or gross abuse of discretion "such that the severity of the sentence 'shocks the judicial conscience.'" *See, e.g., Castaldi v. United States,* 783 F.2d 119, 123 (8th Cir.) (*citing Woosley v. United States,* 478 F.2d 139, 147 (8th Cir.1973) (banc)), *cert. denied,* 476 U.S. 1172, 106 S.Ct. 2897, 90 L.Ed.2d 983 (1986). We hold the district court did not manifestly or grossly abuse its discretion in sentencing Brenneman to 8 years imprisonment for counts III and V and 5 years for count IV. The sentence

2. Because he was not sentenced under the Guidelines, we need not address Brenneman's argument that he did not receive notice that his sentence would be determined under the Guidelines.

imposed was well within the applicable statutory limits.[3]

Accordingly, we affirm the judgment of the district court.

---

3. The maximum sentence for count III, possession with intent to distribute cocaine, is 15 years (21 U.S.C. § 841(b)(1)(B) (as amended Oct. 12, 1984)), for count IV, use of a facility in interstate commerce to facilitate drug trafficking, 5 years (18 U.S.C. § 1952(a)), and for count V, conspiracy to distribute and possess with intent to distribute cocaine and marijuana, 40 years

(21 U.S.C. § 841(b)(1)(B) (as amended Oct. 27, 1986)).