**UNITED STATES of America, Appellee,**

v.

**James G. NELSON, Jr., Appellant.**

**No. 91–2782.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 10, 1991.

Decided Dec. 16, 1991.

Max Goracke, Kansas City, Mo., for appellant.

Thomas H. Newton, Kansas City, Mo., for appellee.

Before ARNOLD, Circuit Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

This appeal involves a pre-Guidelines sentence. After James G. Nelson, Jr. pleaded guilty to one count of distributing heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), the district judge sentenced him to thirty years imprisonment. Nelson filed a motion to vacate his sentence contending the district judge improperly enhanced the sentence based on an earlier conviction. The district judge granted Nelson's motion and resentenced him to twenty years imprisonment and ten years of supervised probation. Nelson appeals his new sentence. We affirm.

■ Nelson asserts the district judge improperly considered Nelson's earlier drug conviction in resentencing him. Under 21 U.S.C. § 841(b)(1)(C), the judge could sentence Nelson to twenty years imprisonment as a first offender. If Nelson had committed an earlier similar offense, however, the judge could sentence Nelson to thirty years imprisonment. 21 U.S.C. § 841(b)(1)(C). A district judge cannot increase punishment based on an earlier conviction unless the United States Attorney files an information identifying the earlier conviction before the defendant is tried or pleads guilty. 21 U.S.C. § 851(a)(1) (1988); *see also United States v. Olson*, 716 F.2d 850, 852–53 (11th Cir.1983); *United States v. Gill*, 623 F.2d 540, 542 (8th Cir.), *cert. denied*, 449 U.S. 873, 101 S.Ct. 214, 66 L.Ed.2d 94 (1980).

■ Because the Government admitted it failed to file an information identifying Nelson's earlier conviction, the judge did not consider Nelson's earlier drug conviction in identifying the applicable sentencing limit on resentencing. Instead, the judge considered the conviction in determining what sentence within the first offender's statutory limit to impose. The judge sentenced Nelson to the maximum sentence permissible for a defendant with no earlier similar convictions. The notice procedures of section 851(a)(1) do not apply to a sentence within the statutory limit for first offenders. *See United States v. Wallace*, 895 F.2d 487, 490 (8th Cir.1990). Thus, the judge was free to consider Nelson's earlier conviction in sentencing Nelson to the maximum penalty permissible for a first offender.

■ Nelson also asserts the district judge should have disqualified himself from resentencing Nelson because the judge was biased against him. Judges must disqualify themselves from proceedings in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (1988). Judges must also disqualify themselves when they have "personal bias or prejudice concerning a party." *Id.* § 455(b). Nelson bears the substantial burden of proving the judge was not impartial. *United States v. Walker*, 920 F.2d 513, 517 (8th Cir.1990).

■ Nelson bases his assertion that the judge was biased against him on statements the judge made about drug dealers in general during the first sentencing hearing. We conclude Nelson failed to satisfy his burden of proof. The judge's comments at Nelson's first sentencing reflect no pervasive personal bias against Nelson nor any reasonable basis for doubting the judge's impartiality. Thus, the judge did not abuse his discretion in refusing to disqualify himself. *See Walker*, 920 F.2d at 516–17.

■ Nelson next argues the judge mechanically sentenced him to the maximum term within the statutory limit without considering his individual factors. We dis-

agree. When the district judge imposes a sentence within the applicable statutory limit, the sentence is generally unreviewable on appeal. *United States v. Brenneman*, 918 F.2d 745, 746 (8th Cir.1990). At the resentencing hearing, the judge stated he considered Nelson's criminal history, including its length and the number and nature of Nelson's offenses. We cannot say the judge grossly abused his discretion in imposing Nelson's sentence. *See id.*

Finally, Nelson asserts the court should have imposed special parole rather than supervised release. Because Nelson committed the offense for which he was sentenced in June 1987, the district judge properly sentenced Nelson to supervised release. *See Gozlon–Peretz v. United States*, —— U.S. ——, 111 S.Ct. 840, 849, 112 L.Ed.2d 919 (1991).

Accordingly, we affirm.