**UNITED STATES of America, Appellee,**

v.

**Terry W. DUNLOP, Appellant.**

**No. 91–2140.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 18, 1991.

Decided March 16, 1992.

Rehearing Denied April 17, 1992.

Martin James Kushner, Omaha, Neb., argued, for appellant.

William W. Mickle, II, Omaha, Neb., argued (Ronald D. Lahners and William W. Mickle, II on the brief), for appellee.

Before WOLLMAN, Circuit Judge, ROSS, Senior Circuit Judge, and LOKEN, Circuit Judge.

ROSS, Senior Circuit Judge.

In January, 1991, Terry W. Dunlop was charged, along with three co-defendants, with various drug-related offenses committed prior to November 1, 1987, the effective date of the Sentencing Guidelines. Later, he pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C.

§§ 841(a)(1) and 846. The district court,[1] recognizing that this was a pre-Guidelines case, sentenced Dunlop to fifteen years imprisonment pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 846. On appeal, Dunlop argues that the district court abused its discretion by using a "Guidelines analysis," resulting in a sentence similar to one which would have been imposed under the Guidelines. Dunlop also asserts that his sentence is excessive, because the district court considered inappropriate and irrelevant information connecting him to other uncharged criminal activity. We affirm.

After an evidentiary hearing, the district court made findings to the presentence report indicating that Dunlop either distributed, or could have reasonably foreseen the distribution by co-conspirators, of more than one kilogram, but less than two kilograms, of cocaine. At sentencing, the district court noted that it was not bound by the Sentencing Guidelines, but also observed that it "shouldn't be blind to [the Guidelines] either because other people who commit similar crimes after November, 1987 will have to be sentenced under those guidelines." The court noted that if this were a Guidelines case, the required term of imprisonment would fall in the range of 78 to 97 months, which would be "real" or actual time spent in prison. By comparison, under 21 U.S.C. § 841(b)(1)(B), the pre-Guidelines sentencing statute, Dunlop's crime carried a possible penalty of not less than five years and not more than 40 years, and a $2,000,000 fine, or both.

The district court sentenced Dunlop to fifteen years imprisonment, noting that under 18 U.S.C. § 4205(a), he would be eligible for parole when he had served one-third of his sentence. The court estimated that the period of time that Dunlop would actually spend in prison would be 40 to 52 months.

■ Dunlop's claim that the district court abused its discretion by imposing a sentence comparable to that which would have been imposed under the Guidelines is without merit. We have previously held that it is not improper for a district court to be guided in part by the Guidelines in exercising its discretion in imposing a pre-Guidelines sentence if the sentence imposed is within the applicable statutory limits. *See United States v. Brenneman*, 918 F.2d 745, 746 (8th Cir.1990). Similar to the present case, the district court in *Brenneman* sentenced the defendant within the pre-Guidelines statutory limits after it (1) compared the sentence that could have been imposed upon the defendant under the Guidelines with the applicable pre-Guidelines sentencing range, and (2) considered the fact that, under 18 U.S.C. § 4205(a), the defendant would be eligible for parole after serving one-third of his sentence. We affirmed the judgment of the district court, stating,

> Appellate review of pre-Guidelines sentences is very limited. If the sentence imposed is within the applicable statutory limits, the sentence is generally not subject to review on appeal. We review only for manifest or gross abuse of discretion "such that the severity of the sentence 'shocks the judicial conscience.' "

*Id.* (citations omitted).

In the present case, the sentence imposed was well within the statutory limits. Furthermore, having reviewed the transcript of Dunlop's sentencing, we conclude that the district court did not manifestly or grossly abuse its discretion in sentencing him to 15 years imprisonment under 21 U.S.C. §§ 841(b)(1)(B) and 846.

■ Next, we consider Dunlop's claim that his sentence is excessive, because the district court considered inappropriate and irrelevant information connecting him to other uncharged criminal activity. Specifically, Dunlop objects to the district court's consideration of a portion of the presentence report indicating that he had provided cash to an unindicted co-conspirator for the purchase of cocaine in California. He asserts that the district court's consideration of such evidence violated his right to

---

**1.** The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska.

due process. Dunlop's assertions are without merit. As we have previously recognized,

> A sentencing judge has broad discretion as to the type of information he may consider, as well as its source. Uncorroborated hearsay evidence and unprosecuted criminal activity are both proper topics for the court's consideration, as long as the defendant is afforded an opportunity to explain or rebut the evidence.

*United States v. York*, 830 F.2d 885, 893 (8th Cir.1987), *cert. denied*, 484 U.S. 1074, 108 S.Ct. 1047, 98 L.Ed.2d 1010 (1988). *See also United States v. Papajohn*, 701 F.2d 760, 763 (8th Cir.1983). The record demonstrates that Dunlop was afforded a full opportunity to rebut and explain the information contained in the presentence report. An evidentiary hearing was held on April 24, 1991, which permitted Dunlop to address numerous objections he had raised to the presentence report. Such opportunity was sufficient to comport with due process. We therefore conclude that the district court did not err in considering the information connecting Dunlop to other uncharged criminal activity. We also conclude that, in any event, the sentence imposed was not excessive, because it fell within the statutory limits of 21 U.S.C. §§ 841(b)(1)(B) and 846.

Accordingly, we affirm the judgment of the district court.