**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John L. McMURRAY, Defendant–Appellant.**

**Nos. 91–2548, 93–2358.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 30, 1993.

Decided March 11, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied April 19, 1994.

John J. Ambrosio, Topeka, KS, argued. Also Gerald Handley, Kansas City, MO, for appellant.

Christina Y. Tabor, Asst. U.S. Atty., Kansas City, MO, argued, for appellee.

Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.

LOKEN, Circuit Judge.

John L. McMurray appeals his conviction and sentence for conspiracy to distribute cocaine and possession with intent to distribute cocaine. We affirm.

McMurray was initially sentenced as a career offender to 262 months in prison, based in part upon his February 1982 Kansas conviction for conspiracy to distribute cocaine. *See* U.S.S.G. § 4B1.1. He appealed, but while his appeal was pending, McMurray obtained an order "Nunc Pro Tunc" from the District Court of Shawnee County, Kansas, correcting the prior conviction from "Conspiracy to Distribute Cocaine" to "Conspiracy to Possess Cocaine." Citing this correction, McMurray then applied to the district court to vacate his sentence as a career offender, and we entered an order staying his appeal.

The district court[1] ruled that McMurray should not be sentenced as a career offender because his February 1982 conviction, as corrected, is not a "controlled substance offense" within the meaning of U.S.S.G. § 4B1.2(2). The court resentenced McMurray to 92 months in prison, and he filed a second appeal. We lifted the stay of his first appeal, consolidated the two appeals, and received supplemental briefs on the new issues raised in the second appeal. In the interim, we had also affirmed the convictions of McMurray's codefendants, Ginger Miller, Toni Hampton, and Jay Nash. *See United States v. Miller,* 974 F.2d 953 (8th Cir.1992). As that opinion adequately sets forth the facts underlying McMurray's conviction, we will proceed to consider the issues raised in his two appeals.

1. In his initial appeal, McMurray challenged his sentence as a career offender. That issue is now moot, but in his second appeal he launches additional attacks on the use of his February 1982 conviction. First, he argues that he deserves a new trial because the government failed to file a pretrial information under 21 U.S.C. § 851(a)(1) disclosing what prior convictions it would rely on in seeking increased punishment. However, in *United States v. Wallace,* 895 F.2d 487, 490 (8th Cir.1990), we held that the notice requirement of § 851(a)(1) "is limited to situations in which a convicted defendant's *statutory* minimum or maximum penalty is enhanced under Part D of Title 21, and not to situations in which the defendant is assigned a guidelines base offense level and receives an increased sentence, which is within a statutory range." *See also United States v. Nelson,* 952 F.2d 180, 181 (8th Cir.1991). McMurray was assessed a Guidelines enhancement within his statutory maximum. He urges us to reconsider *Wallace,* but as a panel we may not do so.

McMurray further argues that the government's failure to provide a § 851(a)(1) notice denied him due process because the government unfairly used his incorrect prior conviction to impeach him at trial and then to enhance his sentence. These contentions are without merit. McMurray knew that his prior convictions would be used to impeach his trial testimony; indeed, he sought to soften the impact of that impeachment by admitting the prior convictions during his direct testimony. Thus, McMurray has only himself to blame if his delay in obtaining the state court's nunc pro tunc order enhanced the impeachment effect of the 1982 Kansas conviction at trial.

Likewise, the absence of a § 851(a)(1) notice did not affect the fairness of McMurray's sentencing. Sentencing under the Guidelines is a "separate phase" of the criminal process. *United States v. Galloway,* 976 F.2d 414, 422–23 (8th Cir.1992) (en banc). Because McMurray's prior conviction

---

1. The HONORABLE D. BROOK BARTLETT, United States District Judge for the Western District of Missouri.

was only relevant during the sentencing phase, notice need be given to him only prior to that phase. *See Oyler v. Boles,* 368 U.S. 448, 452, 82 S.Ct. 501, 503, 7 L.Ed.2d 446 (1962); *United States v. Arias–Villanueva,* 998 F.2d 1491, 1510 (9th Cir.1993). McMurray clearly had adequate notice at the sentencing phase, since his initial presentence report described the 1982 conviction as "conspiracy to distribute cocaine" and recommended that he be sentenced as a career offender because of that conviction. He timely objected to being sentenced as a career offender, but the objection did not prevail until he obtained a nunc pro tunc order from the Kansas court.

 2. McMurray next argues that the district court erred in allowing the government's rebuttal witness, Marjorie Carper, to express a negative opinion as to McMurray's truthfulness after he had testified in his own behalf at trial. We disagree. The credibility of a defendant who testifies may be attacked in the same manner as that of any other witness. *See Brown v. United States,* 356 U.S. 148, 154, 78 S.Ct. 622, 626, 2 L.Ed.2d 589 (1958); *United States v. Webb,* 533 F.2d 391, 395–96 (8th Cir.1976). Fed.R.Evid. 608(a) expressly provides that "[t]he credibility of a witness may be attacked or supported by evidence in the form of opinion . . . [that] refer[s] only to character for truthfulness." Rule 608(a) allows opinion as well as reputation testimony because "witnesses who testify to reputation seem in fact often to be giving their opinions, disguised somewhat misleadingly as reputation." Fed.R.Evid. 608, 1972 Adv.Comm. Notes, citing *McCormick on Evidence* § 44 (2d ed. 1972). *See also* Fed.R.Evid. 405(a).

 The prosecutor asked Mrs. Carper whether she would believe McMurray's testimony under oath, based upon her opinion as to his truthfulness. This questioning is consistent with Rule 608(a). *See United States v. Lollar,* 606 F.2d 587, 589 (5th Cir.1979).[2] Of course, before a witness may express such an opinion, there must be an adequate showing "that the opinions were more than bare assertions." *United States v. Dotson,* 799 F.2d 189, 193 (5th Cir.1986); *see United States v. Nace,* 561 F.2d 763, 771 (9th Cir. 1977). That is a question committed to the trial court's discretion. In this case, Mrs. Carper testified that McMurray had persuaded her to apply for a credit card in his name so that he could buy Christmas presents for his children, after which McMurray and his wife charged large travel and other expenses to the card that Mrs. Carper eventually was forced to pay. We agree with the district court that Mrs. Carper had sufficient dealings to provide a rational basis for her opinion as to McMurray's truthfulness. *See* Fed.R.Evid. 701; *United States v. Pacione,* 950 F.2d 1348, 1353–54 (7th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 3054, 120 L.Ed.2d 920 (1992).

 3. McMurray argues that the prosecutor during his closing arguments made a series of improper and cumulatively prejudicial remarks—inaccurately summarizing fingerprint evidence, twice asserting that McMurray lied during his testimony, accusing McMurray of taking advantage of a "gullible, sweet lady" (Marjorie Carper), and referring to McMurray's incorrect prior conviction. We have carefully reviewed these remarks in context and conclude that there was no prosecutorial misconduct. Moreover, there was no trial objection to any of these closing remarks; to the extent any were questionable, they were not plain error.[3]

---

**2.** Even before Rule 608(a) liberalized the permissible bounds of this type of impeachment, we left the form of such questioning to the district court's discretion and were reluctant to find prejudicial error. *See Swafford v. United States,* 25 F.2d 581, 584 (8th Cir.1928); *Colbeck v. United States,* 14 F.2d 801, 803–04 (8th Cir.1926).

**3.** The prosecutor used the words "lie" and "lying" in referring to McMurray's testimony on matters disputed by other evidence, a practice the Second Circuit has characterized as "not improper unless such use is excessive or is likely

to be inflammatory." *United States v. Peterson,* 808 F.2d 969, 977 (2d Cir.1987). We are less tolerant of the practice but will reverse only if "the jury verdict reasonably could have been affected by the improper comment." *United States v. Peyro,* 786 F.2d 826, 831 (8th Cir.1986). Here, the prosecutor should have commented on the contradictory evidence without expressing what could be construed as a personal opinion that McMurray had lied. But the remarks were not so inflammatory as to constitute plain error,

4. Finally, McMurray argues that the prosecutor improperly used redacted portions of codefendant Miller's confession in cross-examining a defense witness. We considered and rejected that contention in affirming the convictions of codefendants Nash and Hampton. *See Miller,* 974 F.2d at 959–60.

The judgment of the district court is affirmed.

and they could not reasonably have affected the jury's verdict.