_____

No. 95-1674
_____

United States of America,       *
                                 *
        Plaintiff-Appellee,      *
                                 *  Appeal from the United States
    v.                           *  District Court for the
                                 *  District of Minnesota.
Melvin Edward Campbell,          *
                                 *      [PUBLISHED]
        Defendant-Appellant.     *

_____

            Submitted:  February 13, 1996

              Filed:  February 23, 1996
_____

Before McMILLIAN, LAY and HANSEN, Circuit Judges.

_____

PER CURIAM.


     In a multi-count, multi-defendant indictment, Melvin Edward
Campbell was charged with conspiracy to manufacture, possess, and
distribute more than five kilograms of cocaine and more than fifty
grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1),
841(b)(1)(A), and 846.  The indictment alleged that Campbell was a
source of cocaine for Shirley Williams, a co-defendant, from the
mid-1980s until 1988 and then again in 1991 and 1992.  During the
course of the trial of Campbell and three co-defendants, the
government filed a one-count information charging Campbell with an
unlawful use of a communications facility, a telephone, in the
commission of a controlled substance felony in violation of 21
U.S.C. § 843(b).  Campbell pled guilty to the one-count information
pursuant to a plea agreement in which the government dismissed the
prior charges.  The Sentencing Guidelines provided for a base
offense level of 12 and a guidelines range of imprisonment of 12 to
18 months.  The district court, the Honorable David S. Doty,

presiding, departed upward from the guidelines range and imposed a 48-month term of imprisonment. Campbell appeals.

Campbell contends the only criminal conduct to which he pled guilty was use of a telephone in a drug felony in 1986, prior to the effective date of the Sentencing Guidelines.[1] In his guilty plea, Campbell acknowledged use of a telephone in a drug felony in 1988, but claims it was in cooperation with the police in an investigation of Shirley Williams. Campbell thus argues there was no underlying commission of a drug felony because his actions in 1988 were done in cooperation with the police.

The factual basis for Campbell's appeal is that in his plea colloquy, when asked if he used a telephone to arrange drug deals with Shirley Williams in 1988, Campbell testified, "In '88, when the police -- yes." Plea Tr. at 17. However, we find the district court did not clearly err in its factual determination that Campbell committed criminal conduct after the November 1, 1987 effective date of the Guidelines. See United States v. Wayne, 903 F.2d 1188, 1196-97 (8th Cir. 1990) (clear error standard on review of factual findings as to timing of criminal activity). The plea agreement stated "the defendant agree[s] that he utilized the telephones to discuss the sale and distribution of cocaine with Shirley Williams during the years 1986 and 1988, and that said discussions were part of the conspiracy charged herein." Plea Agreement at 1 (emphasis added). The plea agreement also stated

---

[1]Campbell concedes that, even if his appeal succeeds, the length of his sentence would not change because the district court clearly stated its intention to sentence Campbell to a 48-month term of imprisonment under pre-Guidelines law, which is within the applicable statutory limits for a violation of 21 U.S.C. § 843(b). See United States v. Dunlop, 960 F.2d 55, 56 (8th Cir. 1992) (district court may impose a pre-Guidelines sentence in accord with the Guidelines if within statutory limits). Rather, Campbell seeks to gain certain advantages of a pre-Guidelines sentence, such as eligibility for parole under 18 U.S.C.A. § 4205(a) (West 1985).

"[t]he defendant understands that he will be sentenced in accordance with the applicable sentencing guidelines under the Sentencing Reform Act of 1984." Id. at 3. Campbell does not challenge the validity of this plea agreement. Finally, the district court also properly relied on testimony at trial by Campbell's co-conspirators, which was subject to cross-examination by Campbell's lawyer, that Campbell had been involved in criminal activity well after November 1, 1987. See United States v. Dailey, 918 F.2d 747, 748 (8th Cir. 1990) (district court may rely upon evidence presented at trial in sentencing). We hold the district court properly applied the Sentencing Guidelines in sentencing Campbell for his conviction under 21 U.S.C. § 843(b).

The judgment is AFFIRMED.

A true copy.

    Attest:

       CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.