Beve STEWART, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2004–CA–002573–MR.

Court of Appeals of Kentucky.

Feb. 10, 2006.

Discretionary Review Denied by Supreme Court Aug. 17, 2006.

Thomas M. Ransdell, Damon Preston, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Ian G. Sonego, Assistant Attorney General, Frankfort, KY, for appellee.

Before TAYLOR and VANMETER, Judges; POTTER, Senior Judge.[1]

## OPINION

JOHN W. POTTER, Senior Judge (Assigned).

This appeal involves a recent change to the Kentucky Rules of Evidence, specifically KRE 608(a). Because the trial court failed to follow the new rule, we reverse and remand the case for a new trial.

On February 7, 2003, Georgia Stewart, age 84, passed away. The following day, her granddaughter, Brenda France, and five other relatives went to the funeral home to make arrangements. While there, someone entered the funeral home and shot Brenda six times. Brenda survived the shooting and identified her assailant as the appellant, Beve Stewart, who was her uncle and Georgia's son. Despite the presence of other relatives at the funeral home at the time of the shooting, there were no other eye witnesses. Beve denied that he shot Brenda and the gun was never located or identified. As a result, the Commonwealth's case was, with the exception of Brenda France's testimony, circumstantial.

In addition to presenting two alibi witnesses, Beve called Brenda's mother as a witness to give evidence concerning Brenda's character for truthfulness. When asked, she responded, "I don't know if she'll tell you the truth or not. She might and she might not." The trial court sustained the Commonwealth's objection to the response and admonished the jury to disregard the question and the answer.

---

1. Senior Judge John W. Potter sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

We agree with Beve that the trial court erred when it sustained the Commonwealth's objection.

In 1990, KRE 608 entitled "Evidence of Character and Conduct of Witness" was proposed as part of the soon-to-be enacted Kentucky Evidence Code. 1990 Ky. Acts, Ch. 88, Sec 41. The proposed rule tracked the corresponding federal rule which, like the first subsection of the proposed rule, did not restrict testimony to evidence of a witness's reputation. The credibility of a witness could be "attacked or supported by evidence in the form of opinion or reputation." Fed.R.Evid. 608. Also, the second subsection of the proposed rule, like the federal rule, allowed evidence of specific bad acts under certain circumstances.

In commenting on the proposed change regarding evidence of reputation the Study Committee noted:

Under traditional as well as pre-existing Kentucky law, only one method for proving character was acceptable-general reputation in the community. Testimony about specific instances of conduct and testimony in the form of lay opinion were inadmissible. A change in this approach was adopted for use in the Federal Rules, with the acceptance of general reputation and lay opinion as proper methods of proof for character. Study Committee Notes to the Kentucky Rules of Evidence, Rule 405 (1992).

The final enacted version of KRE 608 was dramatically different than that originally proposed. The rule was retitled "Opinion and Reputation Evidence of Character" and in its entirety read:

The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to the limitation that the evidence may refer only to general reputation in the community. 1992 Ky. Acts. Ch. 324, Sec 14.

The modification, presumably an attempt to maintain the status quo, has been soundly criticized both as to its substance and form. *See* Underwood and Weissenberger, *Kentucky Evidence; 2002 Courtroom Manual* (2002); Lawson, *Kentucky Evidence Law Handbook* (4th ed.2003).

Effective July 1, 2003, the Supreme Court amended Rule 608 so that it now mirrors Fed.R.Evid. 608. In relevant part the new rule states:

KRE 608. Evidence of character and conduct of witness.

(a) Opinion and reputation evidence of character. The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

Because Beve's trial occurred in 2004, after the effective date of the amendment to KRE 608(a), the issue of the admissibility of the testimony regarding Brenda's truthfulness must be determined under the new rule that a witness, if qualified, can express an opinion as to another witness's character for telling the truth. Although Kentucky has yet to address the scope of KRE 608(a), the advisory notes to the federal rule and cases applying that rule make clear that opinion testimony such as that offered in this case is admissible. Weinstein, *Federal Evidence*, Sec 608 App. 01[2]; *United States v. McMurray*, 20 F.3d 831, 834 (8th Cir.1994), ("The prosecutor asked Mrs. Carper whether she would believe McMurray's testimony under oath, based upon her opinion as to his

truthfulness."); *United States v. Lollar,* 606 F.2d 587, 589 (5th Cir.1979), ("Witnesses may now be asked directly to state their opinion of the principal witness' character for truthfulness and they may answer for example. 'I think X is a liar' ").

■ Because her knowledge of Brenda's character qualified her mother to testify regarding Brenda's truthfulness, we are convinced that her testimony was improperly excluded. Furthermore, we find no merit in the Commonwealth's contention that any error in excluding the evidence was harmless. Except for Brenda's testimony, there was no other evidence directly linking Beve to the shooting. Certainly, Brenda's mother's testimony that Brenda was capable of fabricating her identification of the shooter, if believed, might bring the Commonwealth's entire case into doubt. "The question here is not whether the jury reached the right result regardless of the error, but whether there is a reasonable possibility that the error might have affected the jury's decision." *Crane v. Commonwealth,* 726 S.W.2d 302, 307 (Ky.1987). Under the circumstances, we find that there is such a reasonable possibility.

For the above reasons, the judgment is reversed and the case is remanded to the circuit court for a new trial.

ALL CONCUR.