**Jadrian Brandon SMALL, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**C.A. No. 2:07–70741–PMD.**
**Criminal No. 2:05–141.**

United States District Court,
D. South Carolina,
Charleston Division.

Dec. 27, 2007.

John C. Duane, U.S. Attorneys Office, Charleston, SC, for Respondent.

---

### ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court upon Petitioner Jadrian Brandon Small's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Government has filed a Response in Opposition urging the court to deny Petitioner's Motion. Petitioner filed a Reply to the Government's Response. For the following reasons, the court denies Petitioner's § 2255 motion, and dismisses the action.

### BACKGROUND

On May 31, 2003, Petitioner was stopped by North Charleston police officers for speeding and making an improper u-turn. Upon being stopped, Petitioner exited the car and attempted to flee. Officers chased, caught, and apprehended Petitioner. The officers then searched Petitioner's car, and found a handgun and four bags of cocaine. However, although he was arrested, Petitioner was not charged with a crime at this time.

On August 24, 2004, Petitioner was again stopped by North Charleston police officers, this time for failing to use a turn signal before changing lanes. Petitioner admitted that he was driving without a license, and a routine check revealed that Petitioner was the subject of several outstanding warrants. Petitioner was placed under arrest, and the officers searched his automobile. They discovered a firearm, ten grams of crack cocaine, and a scale with cocaine residue on it. Petitioner admitted to owning both the firearm and the drugs in question.

On February 9, 2005, a federal grand jury issued an eight-count indictment for Petitioner on crimes related to the drugs and firearms found in the car—the first count related to a previous drug arrest; the second, third, and fourth counts related to the May 2003 traffic stop; and the final four related to the August 2004 traffic stop. Pursuant to a plea agreement, the Government dismissed the first six counts of the indictment, and Petitioner pled guilty to the seventh and eighth counts, which charged him with carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 18 U.S.C. § 924(c)(1)(C)(i), and with knowing possession of more than five grams of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B), respectively. On September 13, this court sentenced Petitioner to 180 months of imprisonment and eight years of supervised release.

On July 6, 2007, Petitioner filed the present § 2255 motion with this court, asserting that his counsel at trial and sentencing, Assistant Public Defender Robert Haley ("Haley"), had been ineffective. The Government filed a Response urging this court to dismiss Petitioner's claims on September 10. Petitioner replied to this Response on November 20.

Petitioner has four primary bases for his ineffective assistance of counsel claim. First, he claims that Haley was ineffective in not objecting to the use of a juvenile

conviction which had happened more than five years previous during sentence, which added two points criminal offense points for sentencing purposes. (Pet.'s Mem. at 2.) Second, Petitioner claims that Haley was ineffective in not seeking a "safety valve," which would give the judge the option of sentencing Petitioner to less than the mandatory minimum *Id.* Third, Petitioner claims that Haley was ineffective in not arranging a meeting with the Government so that Petitioner could tell the Government all of the circumstances surrounding the allegations. *Id.* Fourth, Petitioner claims that Haley was ineffective in not moving to suppress the evidence on the grounds that the traffic stop was unconstitutional. *Id.*

### STANDARD OF REVIEW

### I. 28 U.S.C. § 2255

■■■ Petitioner proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. On a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States,* 261 F.2d 546, 547 (4th Cir.1958). In deciding a § 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The court has thoroughly reviewed the motions, files, and records in this case and finds that no hearing is necessary.

### II. Summary Judgment

■■■ To grant a motion for summary judgment, this court must find that "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.,* 915 F.2d 121, 123–24 (4th Cir.1990).

### DISCUSSION

■■■ In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court held that a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Id.* at 687–98, 104 S.Ct. 2052. A court's evaluation of counsel's performance under this standard must be "highly deferential," so as not to "second-guess" the performance. *Id.* at 689, 104 S.Ct. 2052. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Fields v. Attorney General of Maryland,*

956 F.2d 1290, 1297–99 (4th Cir.1992); *Roach v. Martin,* 757 F.2d 1463, 1476 (4th Cir.1985).

## I. Counsel's Failure to Object to Sentencing Enhancements Regarding Petitioner's Juvenile Conviction

■ Petitioner asserts that a prior juvenile conviction dating from September 9, 1998 was improperly factored into the calculation of his criminal offense points, resulting in the wrongful addition of two additional points and the resulting higher sentence. Since the traffic stop in question occurred on August 24, 2004, and therefore took place more than five years after the juvenile conviction, Petitioner asserts that this court should not have considered that prior conviction in sentencing. Section 4A1.2(d) of the Federal Sentencing Guidelines only allows juvenile offenses which took place within five years of the crime for which the criminal is being sentenced to be factored into the calculation of criminal offense points. However, Petitioner neglects to mention that on January 26, 2000, his probation for the juvenile offense was revoked due to his failure to comply with the conditions of said probation. He was incarcerated for failure to comply with his probation until April 26, 2000. Under § 4A1.2(k)(2)(B)(ii) of the Guidelines, if parole or probation for a juvenile offense is revoked, the effective date to be used for the five-year limitation is the last date incarcerated on such charge, which includes time spent incarcerated because of failure to follow the conditions of parole or probation. Therefore, because of the three months Petitioner was incarcerated pursuant to his parole revocation, the court was correct in factoring his juvenile conviction into the calculation of criminal offense points. Accordingly, the fact that Petitioner's counsel did not object does not form the basis of a § 2255 claim, since such an objection would have had no impact on the ultimate outcome of Petitioner's sentencing.

Petitioner also claims that his counsel was ineffective in not objecting to the inclusion of his juvenile conviction in the calculation under the Guidelines because such an inclusion was an improper sentencing enhancement under 21 U.S.C. § 851. Section 851(b) provides that:

> If the United States attorney files an information *under this section,* the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

21 U.S.C. § 851(b) (2006) (emphasis added).

■ This claim by Petitioner completely misunderstands the law. This requirement that he be given an opportunity to affirm or deny past convictions only applies to situations where the Government seeks a sentence enhancement under § 851. Here, the Government sought no such enhancement, but simply sought an ordinary sentence under the Guidelines. Courts have repeatedly held that § 851 rights do not apply to situations where past convictions are used in a criminal offense calculation under the Guidelines. *See, e.g., United States v. Spence,* 450 F.3d 691 (7th Cir.2006); *United States v. McMurray,* 20 F.3d 831 (8th Cir.1994); *United States v. Brannon,* 7 F.3d 516 (6th Cir.1993); *United States v. Whitaker,* 938 F.2d 1551 (2d Cir.1991); *United States v. McDougherty,* 920 F.2d 569 (9th Cir.1990). To hold otherwise would transform many sentencing hearings from a relatively brief and straightforward proceeding into a ser-

ies of mini-trials on each and every past conviction. Therefore, 21 U.S.C. § 851 is inapplicable to the present situation, and Petitioner's rights under that statute were clearly not violated by the court's use of his prior juvenile conviction in calculating his sentence under the Guidelines. Accordingly, any objection made by Petitioner's counsel under § 851 would have been without merit and would have had no impact on the ultimate outcome of the proceedings, and thus does not give rise to a § 2255 ineffective assistance of counsel claim.

## II. Counsel's Failure to Seek a "Safety Valve"

■ Petitioner next asserts that his counsel was ineffective for failing to seek a "safety valve" under Guidelines § 5C1.2, which, in conjunction with 18 U.S.C. § 3553(f) effectively eliminates a mandatory minimum sentence for crimes in which certain criteria are met. However, one of these conditions is that "the defendant did not use violence or credible threats of violence *or possess a firearm* or other dangerous weapon (or induce another participant to do so) in connection with the offense." U.S. Sentencing Guidelines Manual § 5C1.2(a)(2) (2007) (emphasis added). The Guidelines plainly state that the "safety valve" option is unavailable to criminals who possessed a firearm in connection with the offense. Not only did the sentencing hearing reveal that Petitioner possessed a firearm when police searched his car, one of the two charges to which he pled guilty was possession of a firearm in furtherance of a drug trafficking crime. Therefore, the "safety valve" provision of the Guidelines did not apply to Petitioner's case. Petitioner's counsel raising such an argument would have been completely devoid of any legal basis and would have been denied, having no effect on the ultimate outcome of Petitioner's sentence. Accordingly, it

was certainly not ineffective assistance of counsel for Petitioner's counsel not to seek such a provision.

## III. Counsel's Failure to Give Petitioner the Opportunity to Explain All of the Circumstances of the Crime to the Government

■ Petitioner's third claim is that his counsel failed to inform him that it could be beneficial for him to explain all of the circumstances of the crime to the Government, and never set up a meeting so that Petitioner could do so. Petitioner claims that his counsel failed "to arrange for Petitioner to divulge the circumstances of this offense, and to seek wholeness in order to face lenient sentence [sic] from the Government due to Petitioner's lack of guidance at home." (Pet.'s Mem. at 2.) Petitioner further asserts that "Counsel failed to assist Petitioner to divulge the circumstances of the offense. Failure to assist a client in meeting with Government officials in order to explain the circumstances of the offense is ineffective." *Id.* at 4.

There is ample evidence in the record that Petitioner's allegations are untrue. In his affidavit, Petitioner's counsel asserts that Petitioner explicitly informed him that he did not wish to cooperate with the government in order to possibly get a downward departure. (Resp't Ex. A at 1.) Petitioner's counsel further claims that:

> To the extent this allegation is understood to mean that the Defendant informed counsel he wished to discuss his upbringing with the Government in an effort to get a better plea agreement, counsel was never informed of this desire by the Defendant, nor has it been counsel's experience that the Government has ever dismissed charges due to the poor upbringing of the defendant.

*Id.* Furthermore, there is no language suggesting a willingness to cooperate in his plea agreement.

However, even assuming all Petitioner's claims as true, he still fails to state a basis for relief under § 2255. The second prong of *Strickland* is that to show ineffective assistance of counsel, Petitioner must show that hè was "prejudiced" by counsel's actions. In ineffective assistance of counsel claims relating to guilty pleas, the Supreme Court has held that, to demonstrate prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Petitioner has made no such allegation, but has instead only asserted in conclusory fashion that he could have received a more favorable plea bargain had he been allowed to divulge all of his personal circumstances to the government. This mere assertion falls far short of establishing a valid claim for relief under § 2255, and even if Petitioner's circumstances were so extreme as to warrant sentencing leniency, he was still free to divulge these circumstances to the court at the sentencing hearing. Accordingly, Petitioner's counsel's failure to arrange a meeting at which Petitioner could have divulged all of his background circumstances to the Government did not constitute ineffective assistance of counsel.

## IV. Counsel's Failure to Move to Suppress the Evidence of the Automobile Search

■ Petitioner's fourth and final claim that his counsel was ineffective is that his counsel erred in not moving to suppress the evidence which formed the basis of the criminal charge as being the result of an unconstitutional search and seizure. Petitioner asserts that all evidence seized during the two traffic stops was unlawful be-

cause the police did not have the right under the Fourth Amendment to search his car. Had his counsel objected, Petitioner claims, the evidence would have been suppressed and he would not have been convicted.

■ Petitioner's claim is without merit. It is an extremely well-settled proposition of the law that police may lawfully search an automobile if such a search is incident to an arrest. *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). In the May 2003 traffic stop, Petitioner fled from police after being lawfully stopped, and was arrested. In the August 2004 traffic stop, Petitioner was arrested pursuant to numerous warrants for his arrest. Therefore, both searches were lawful automobile searches incident to valid arrests.

■ Petitioner further claims that police had no valid reason to stop him. This claim is similarly devoid of merit. Police may stop a vehicle if they have a reasonable suspicion that even a minor traffic offense has occurred. *See United States v. Hassan El,* 5 F.3d 726, 730 (4th Cir.1993). This is true even when police use the traffic violation merely as a pretext because they suspect the driver of other crimes. *See Whren v. United States,* 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). Before the May 2003 traffic stop, police observed Petitioner speeding and making illegal u-turns. Before the August 2004 traffic stop, police observed Petitioner changing lanes without using his turn signal. Therefore, both traffic stops were lawful.

Consequently, both searches were legal under the Fourth Amendment. Petitioner and the Government dispute whether Petitioner ever asked his counsel to move to suppress this evidence, but this issue is immaterial. This court would have undoubtedly denied such a motion, and it

would have had no effect on the outcome of Petitioner's proceedings whatsoever. *See also* Resp't Ex. A at 2 (Petitioner's counsel explaining that he did not move to suppress this evidence because "he believed then, and continues to believe, such a motion would have been frivolous ...").  Accordingly, Petitioner simply cannot show that his counsel's failure to move to suppress any of the evidence seized in the traffic stops prejudiced him in any way, shape, or form, and this claim thus does not form the basis of a valid § 2255 claim.

### CONCLUSION

It is, therefore, **ORDERED,** for the foregoing reasons that Small's § 2255 petition is **DENIED.**

**AND IT IS SO ORDERED.**