# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1001
_____

United States of America,

*Plaintiff - Appellee*,

v.

Darold Maxfield,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: November 18, 2024
Filed: April 30, 2025

_____

Before COLLOTON, Chief Judge, BENTON and KELLY, Circuit Judges.

_____

COLLOTON, Chief Judge.

Darold Maxfield was convicted of theft of public money and making a false statement or representation to a department or agency of the United States. *See* 18 U.S.C. §§ 641, 1003(a)(3). Maxfield argues on appeal that the district court[*] erred

---

[*]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

by admitting certain evidence at trial. We conclude that there was no reversible error and affirm the judgment.

Maxfield, a military veteran, was a supervisory veteran service representative at the United States Department of Veterans Affairs. The evidence at trial showed that Maxfield used his knowledge of the disability claims process and access to VA facilities to submit a falsified disability benefits questionnaire. This submission allowed him to receive a higher monthly veteran's disability benefit.

A jury convicted Maxfield, and the district court sentenced him to five months' imprisonment and one year of supervised release. The court ordered restitution in the amount of $25,152.08.

Before trial, the government filed a notice of intent to introduce into evidence a memorandum of reprimand that Leah Burris, Maxfield's supervisor, issued to him for exhibiting a "lack of candor." In the memorandum, Burris stated that Maxfield falsified time logs relating to a work trip by claiming that he had worked more hours than were reflected by the global positioning system ("GPS") in the government vehicle that he operated. The district court excluded the memorandum on the ground that it did not satisfy the admissibility requirements of Federal Rule of Evidence 404(b).

At trial, Maxfield testified on his own behalf. The government cross-examined Maxfield about the memorandum of reprimand. The government also called Burris as a rebuttal witness to contradict Maxfield's account of the circumstances surrounding the reprimand. Citing Rule 404, Maxfield objected to the government's cross-examination about the memorandum and Burris's rebuttal testimony. The district court overruled both objections.

On appeal, Maxfield argues that the district court erred by allowing the government to present "the very propensity evidence" that the court had deemed inadmissible character evidence under Rule 404(b) when it excluded the memorandum of reprimand. Rule 404(b) provides that evidence of a crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404(b)(1).

On cross-examination, Maxfield acknowledged that he had received the memorandum from Burris in which she alleged his lack of candor relating to the trip logs, but denied that he had exhibited a lack of candor. During redirect examination, Maxfield testified that the allegedly excessive hours stemmed from a panic attack that occurred while he was driving between his home and the destination. He further claimed that when Burris presented him with the memorandum of reprimand, he "tried to explain to her" that the discrepancy between his time card and the vehicle's GPS trip log stemmed from the panic attack. Maxfield also offered inconsistent claims about when he was allowed to begin recording hours for travel: He initially said that he was permitted to start when he left home, but later stated that he was on the clock once he started to get dressed.

Burris's account contradicted Maxfield's testimony. Burris testified that when she presented the memorandum of reprimand to Maxfield, he did not give her any explanation for the discrepancy between his time card and the vehicle's GPS trip log and did not tell her that he had a panic attack while driving. Burris also said that when VA employees log hours worked during official travel, the time starts when the employee leaves the office, and employees may not log hours for time spent getting dressed.

We conclude that there was no abuse of discretion. The challenged evidence was not offered to prove Maxfield's character in order to show that on a particular

-3-

occasion he acted in accordance with the character, as prohibited by Rule 404(b)(1). Rather, the disputed cross-examination was admissible under Rule 608(b)(1). That rule provides that the court may, on cross-examination, allow inquiry into specific instances of a witness's conduct if they are probative of the witness's character for truthfulness or untruthfulness. Although the district court rejected the government's proposal to introduce the memorandum in its case in chief, the court properly evaluated the issue differently once Maxfield elected to testify and his character for untruthfulness became relevant. Burris's allegation in the memorandum that Maxfield exhibited a lack of candor is probative of Maxfield's character for untruthfulness, and was thus a proper subject of inquiry on cross-examination under Rule 608(b). *See United States v. McLaughlin*, 777 F.2d 388, 392 (8th Cir. 1985).

The rebuttal testimony was properly admitted to impeach Maxfield's testimony by specific contradiction. *See United States v. Rojas*, 826 F.3d 1126, 1131 (8th Cir. 2016); *United States v. McClintic*, 570 F.2d 685, 691 (8th Cir. 1978). Burris contradicted Maxfield's claims that he told her about having a panic attack while driving and that he was allowed to log time for official travel once he began to get dressed. While Rule 608(b) generally makes extrinsic evidence inadmissible to attack a witness's character for truthfulness, the rule "does not address the admissibility of extrinsic evidence used to impeach a witness through . . . contradiction." *Rojas*, 826 F.3d at 1131. Once Maxfield testified in a manner that left himself open to specific contradiction by his supervisor, the district court properly allowed limited rebuttal evidence on those points. The district court did not abuse its discretion by permitting this line of questioning.

Maxfield next challenges the district court's ruling to permit the government to elicit opinion and reputation testimony about Maxfield's character for truthfulness from Burris and another witness, James McLean. Under Rule 608(a), "[a] witness's credibility may be attacked or supported by testimony about the witness's reputation

for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character." Fed. R. Evid. 608(a).

When asked for her opinion on Maxfield's truthfulness, Burris stated, "I do not believe he's very truthful." Burris also testified that Maxfield's reputation among his coworkers was that "he's not truthful." McLean, who worked with Maxfield for four years, testified that in his opinion, Maxfield "has no problem lying." McLean also said that the VA personnel who had worked with Maxfield "probably know he bend the truth." These statements from Burris and McLean fall within the ambit of Rule 608(a), so the district court did not abuse its discretion by permitting the government to elicit this testimony. *See United States v. McMurray*, 20 F.3d 831, 834 (8th Cir. 1994).

The judgment of the district court is affirmed.

_____